ANSTEAD, Judge,
dissenting.
This is a case of statutory construction. Section 395.041(4), Florida Statutes (1987), provides that incident reports shall be prepared by hospitals as part of their risk management programs whenever an unusual incident concerning a patient occurs. The section further provides that such incident reports:
shall be considered to be a part of the work papers of the attorney defending the establishment in litigation relating thereto and shall be subject to discovery, but shall not be admissible as evidence in court, nor shall any person filing an inci *881 dent report be subject to civil suit by virtue of such incident report.
The cases cited in the majority opinion hold that the incident reports are subject to discovery only upon a showing of undue hardship in securing the same information as required by Florida Rule of Civil Procedure 1.280(b)(2). In my view that constitutes judicially engrafting a condition upon the statute that the legislature did not intend. I recognize that there are strong policy reasons for protecting incident reports from discovery. However, the legislature expressly decided that such reports “shall be subject to discovery, but shall not be admissible as evidence in court....” (Emphasis supplied). That express and clear provision leaves virtually no room for judicial construction, much less a judicial construction which concludes that such reports shall not be subject to discovery unless a hardship showing is made pursuant to rule 1.280(b)(2).
We regularly struggle with imprecise words chosen by the legislature to express its intent and strive mightily to identify the underlying policy in order to carry it out. In rare instances we even ignore the actual words used in order to avoid an absurd or irrational result. Here the result of accepting the plain meaning of the words used cannot be said to be absurd. I think we should take the legislature at its word, not ours.